# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROOSEVELT JILES**                                                                           **PETITIONER**

**V.**                                          **No. 4:08CV164-SA-DAS**

**CHRISTOPHER EPPS, ET AL.**                                                  **RESPONDENTS**

## REPORT AND RECOMMENDATION

Petitioner, Roosevelt Jiles, filed his petition for a writ of habeas corpus in this court on December 30, 2008. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendations.

### I. Factual and Procedural Background

Jiles is currently in the custody of J.J. Streeter, Warden of the Marshall County Correctional Facility in Holly Springs, Mississippi. On March 17, 2004, following a two day trial, a jury in the Leflore County Circuit Court found Jiles guilty of attempted rape of J.H. Jiles and J.H. were both students at Mississippi Valley State University at the time of the incident. Around 11:30 p.m. on November 17, 2003, while J.H. was taking a shower in a stall located on the fourth floor of her dormitory at Mississippi Valley State University, she noticed a person walking back and forth outside her shower stall. The person took her clothing that was draped over the top of the shower curtain. J.H. then grabbed her towel, wrapped it around herself, and stepped out of the stall. When she did, she came face to face with her attacker. He demanded that she give him the towel, then snatched it off her. J.H. screamed for help as the man threw her down on a bench, shoved the towel in her face, and held her down as he started to unbutton his pants. However, J.H. continued to scream and fight until he fled the area. She then ran back to her dorm room and called the campus police. When an officer arrived to take an incident report,

J.H. told him what happened but was unable to identify the assailant. After the officer left, a resident assistant suggested that J.H. look in a campus yearbook to see if she could identify her attacker. J.H. identified Jiles as the one who attacked her, and campus police were called back so she could report the alleged attacker's name. She identified Jiles again at the police station when he was taken into custody.

Jiles was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. Thereafter, he appealed his conviction and sentence to the Mississippi Supreme Court. The Mississippi Court of Appeals affirmed the state court's decision. And, on August 9, 2007, the Mississippi Supreme Court denied Jiles' motion for a writ of certiorari. Jiles then filed a motion for post-conviction collateral relief in the Mississippi Supreme Court, but that court denied Jiles' petition on August 5, 2008.

## II. Discussion

In the instant habeas petition, Jiles raises the following grounds: [1]

> 1. Petitioner was denied due process because his ten-year sentence for attempted rape was tantamount to a sentence for attempt of a capital offense.
>
> 2. Petitioner was denied due process because he was sentenced to serve ten-year sentence which is only applicable to convictions for attempted capital offenses.
>
> 3. Petitioner was denied effective assistance of counsel by appellate counsel because he failed to withdraw his representation in order to allow petitioner to raise counsel's trial errors.
>
> 4. Petitioner was denied effective assistance of counsel on direct appeal because counsel did not raise the issues raised in the instant petition.

---

[1] The court, as required under *Haines v. Kerner*, 404 U.S. 519 (1972), has liberally construed petitioner's asserted grounds for relief.

Each ground, except ground three, was considered by the State's highest court. The court will consider each claim separately, beginning with ground three.

1. Ground Three

Here, Jiles essentially contends he was denied effective assistance of counsel because appellate counsel, who also represented him at trial, failed to request that new counsel be appointed on appeal in order to raise trial errors that constituted ineffective assistance of counsel. The respondents argue that because Jiles never raised this issue before Mississippi's state courts, the claim is not exhausted. Furthermore, the respondents contend that because the Mississippi Supreme Court would now find the claim is barred as a successive petition, the claim is procedurally barred from federal review. The court agrees.

Jiles has not exhausted ground three. A state prisoner must exhaust all available state remedies before applying for federal habeas relief. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997). The exhaustion requirement is not met if a petitioner presents a claim in his federal habeas petition that he has not presented to the state courts. *Id*. at 420. Furthermore, Jiles cannot cure this deficiency because he is now procedurally barred from raising it in state court. "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Pursuant to MISS. CODE ANN. § 99-39-27 (West, Westlaw through End of the 2009 Reg. and Extraordinary Sess.), Jiles's claim would be barred as a successive petition. This bar represents an adequate and independent state procedural ground. However, a procedural default may be excused upon a showing of cause *and* prejudice or upon a showing that failure to consider the claim will result in a "fundamental miscarriage of justice." *See*

*Johnson*, 243 F.3d at 220. Because Jiles has failed to allege any cause for failing to present this claim to the state courts and because his pleadings do not reveal one, the court finds there is no cause. Consequently, there is no need to address the issue of prejudice.

As to the "fundamental miscarriage of justice" requirement, Jiles also fails to make any allegation or argument in this regard. Nevertheless, the court finds there will be no "fundamental miscarriage of justice" if Jiles's claim is not considered on the merits. "In order to prove a fundamental miscarriage of justice, the prisoner must assert his actual innocence." *See Muniz v. Johnson* 132 F.3d 214, 221 n.12 (5th Cir. 1998) (citation omitted). Because Jiles has made no allegation of actual innocence and has failed to show cause and prejudice, ground three is barred from habeas review. *See id.* at 221-22.

## 2. Grounds One, Two, & Four

The Mississippi Supreme Court considered each of these grounds on post-conviction collateral review and denied them on the merits; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

4

the State court proceeding.

28 U.S.C. § 2254(d) (West, Westlaw through P.L. 111-202 approved 7-13-10).

The first exception, subsection (d)(1), applies to questions of law and mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Because Jiles's claims involve mixed questions of law and fact, the court will examine them under the first exception.[2]

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision involves an "unreasonable application" of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be "objectively" unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the state appellate courts unreasonably applied the law to the facts or that the courts' decisions contradicted federal law.

---

[2]Under § 2254(d)(2), the grounds presented by Jiles may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 271, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). Jiles has failed to meet this burden.

a. Grounds One & Two

With both grounds one and two, Jiles essentially claims he was denied due process because his ten-year mandatory sentence for attempted rape was tantamount to a sentence for attempt of a capital offense. Jiles cites MISS. CODE ANN. § 97-1-7. This statute provides that:

> Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years; if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.

MISS. CODE ANN. § 97-1-7 (West, Westlaw through End of the 2009 Reg. and Extraordinary Sess.).

Jiles was convicted of attempted forcible rape under MISS. CODE ANN. § 97-3-65(4)(a).[3] This section provides:

---

[3] Jiles was convicted under "Count II" of the indictment which essentially charged that he did "willfully, unlawfully, feloniously, and forcibly attempt to rape and ravish" J. H. "without the consent and against the will of" J. H. However, the indictment lists the wrong code section, 97-3-65(3)(a), which actually provides the penalty for statutory rape. This error was harmless. *See Robinson v. State*, 966 So. 2d 209, 213 (Miss. Ct. App. 2007) (finding indictment was sufficient to put defendant on notice of charge where indictment incorrectly listed 97-3-65(3)(a), which provides the penalty for statutory rape, rather than 97-3-65(4), which lists the elements of forcible rape, and where the indictment stated that the defendant "did wilfully, unlawfully, feloniously have forcible sexual intercourse" with the victim).

**§ 97-3-65. Statutory rape; drugging; spousal rape**

. . .

(4)(a) Every person who shall have forcible sexual intercourse with any person, or who shall have sexual intercourse not constituting forcible sexual intercourse or statutory rape with any person without that person's consent by administering to such person any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.

. . . .

MISS. CODE ANN. § 97-3-65 (West, Westlaw through End of the 2009 Reg. and Extraordinary Sess.). Accordingly, under Mississippi law, forcible rape is punishable by a term of life imprisonment or any lesser term which the sentencing court, in its discretion, chooses to impose. *Id*. Therefore, by the plain language of § 97-1-7, Jiles's ten-year sentence is well within the legal limits for an attempted rape conviction. The court concludes that the Mississippi Supreme Court's decision denying these claims was neither contrary to nor an unreasonable application of clearly established federal law, and Jiles should not be granted relief on grounds one and two.

    b. Ground Four

Lastly, Jiles claims he was denied effective assistance of counsel because appellate counsel did not raise the issues raised in the instant habeas petition. On post-conviction collateral review, the Mississippi Supreme Court determined that Jiles's ineffective assistance of counsel claim failed to meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). To be successful on an ineffective assistance of counsel claim a federal habeas petitioner must demonstrate two things: (1) that counsel's performance was deficient *and* (2) that the deficient

performance prejudiced his defense. *Strickland*, 466 U.S. at 687. First, in order to show deficient performance, Jiles must make a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Jiles must establish that counsel's actions or omissions "fell beneath an objective standard of reasonable professional assistance." *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993) (citations omitted). Courts give "'great deference to counsel's assistance, strongly presuming that counsel exercised reasonable professional judgment.'" *Id*. (citation ommitted). Second, to demonstrate prejudice, the petitioner must show that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

As an initial matter, it should be pointed out that decisions with regard to which issues to pursue on appeal is a matter of strategy, and appellate counsel has broad discretion in determining which issues are more likely to be successful. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1985); *see also Green v. Johnson*, 116 F.3d 1115, 1126 (5th Cir. 1997) ("Counsel is not deficient for failing to raise every meritorious claim that may be pressed on appeal.") (citation omitted). With this in mind, the court will review Jiles's ineffective assistance claim with respect to the grounds raised herein.

First, Jiles's argument that appellate counsel was ineffective for failing to raise grounds one and two can be handled in very short order. As discussed in detail above, these grounds have no merit because Jiles's ten-year sentence is within the legal limits for attempted forcible rape under Mississippi law. "An attorney's failure to raise a meritless argument . . . cannot form the

basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999) (citation omitted). Likewise, Jiles's claim with respect to ground three requires little discussion. To the extent that Jiles now argues that appellate counsel was ineffective because he failed to argue that he was ineffective on appeal is nonsensical. Accordingly, the court finds that the Mississippi Supreme Court's determination that Jiles's ineffective assistance of counsel claim failed to meet both prongs of *Strickland* was neither contrary to nor an unreasonable application of clearly established federal law.

Therefore, it is recommended that Jiles's habeas petition be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report in a timely manner will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 17th day of August, 2010.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE